# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02395-RM-NYW

KIM MILLBROOK,

     Plaintiff,

v.

SANCHEZ, Nurse, in her official and individual capacities,
FIRTH, Nurse, in her official and individual capacities,
STERETT, Doctor, in his official and individual capacities,
ROSS, Correctional Officer, in his official and individual capacities,
NORRIS, Correctional Officer, in his official and individual capacities,[1]
LOVELACE, Correctional Officer, in his official and individual capacities,
HANSEN, Counselor, in his official and individual capacities,
ROBINSON, Case Manager, in his official and individual capacities,
OSLAND, Case Manager, in his official and individual capacities,
HUDDLESTON, EMT, in his official and individual capacities,
PORCO, Unit Manager, in his official and individual capacities,
OBA, Doctor, in his official and individual capacities,
SEROSKI, Physician's Assistant, in his official and individual capacities,

     Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Nina Y. Wang

     This matter comes before the court on Defendants' Motion for Summary Judgment (the

"Motion" or "Motion for Summary Judgment") [Doc. 53] filed on April 1, 2021 by Defendants

---

[1] Defendant Norris was originally named as Defendant "Morris."  *See* [Doc. 7 at 2].  This Defendant is identified as Defendant Norris in the Waiver of Service of Summons, *see* [Doc. 51 at 1], and Defendants represent in their Motion for Summary Judgment that "BOP records indicate that there is no correctional officer with the last name 'Morris' working at FCI Florence at the time in question.  Correctional Officer Norris, however, was working in Plaintiff's unit.  Defendants presume that Norris is the correct Defendant."  [Doc. 53 at 1 n.1].  Plaintiff subsequently began spelling this Defendant's name as "Norris."  *See* [Doc. 59 at 1].  Accordingly, the Clerk of Court is **DIRECTED** to amend the case caption to reflect the correct spelling of Defendant Norris's name.

Ross, Robinson, Hansen, Osland, Porco, Norris, Lovelace, Firth, Sterett, Sanchez, Oba, Huddleston, and Seroski (collectively, "Defendants"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated December 1, 2020, [Doc. 41],[2] and Memorandum dated April 1, 2021. [Doc. 57]. Upon review of the Motion and associated briefing, the applicable case law, and being otherwise advised of the premises, I respectfully **RECOMMEND** that the Motion for Summary Judgment be **DENIED**.

## BACKGROUND

Plaintiff Kim Millbrook ("Plaintiff" or "Mr. Millbrook") initiated this action on August 22, 2019 by filing a [Motion for a] Emergency Preliminary and Permanent Injunction and Temporary Restraining Order (the "Motion for Preliminary Injunction"), asserting, *inter alia*, that he was being retaliated against by Defendants for having filed lawsuits against prison officials. *See generally* [Doc. 1]. The Honorable Lewis T. Babcock denied the Motion for Preliminary Injunction on August 27, 2019, finding that Plaintiff had failed to demonstrate that he was in imminent danger of suffering irreparable harm absent a preliminary injunction. [Doc. 8 at 3]. That same day, Plaintiff filed a Prisoner Complaint (the "Complaint"),[3] naming 16 separate Defendants: Matevousian, Himlie, Sanchez, Firth, Sterett, Ross, Norris, Lovelace, Hansen, Robinson, Osland, Huddleston, Porco, Oba, Seroski, and Amaya. *See* [Doc. 7]. The Complaint alleges generally that (1) certain Defendants have committed excessive force against Plaintiff in retaliation for filing lawsuits against prison staff, *see, e.g.*, [*id.* at ¶¶ 2-8]; (2) certain Defendants

---

[2] This case was originally assigned to Magistrate Judge Kathleen M. Tafoya. *See* [Doc. 41]. Upon Judge Tafoya's retirement, the case was re-assigned to the undersigned Magistrate Judge. *See* [Doc. 63].

[3] At various times in the Parties' briefing, they refer to the Complaint as the "Amended Complaint," and the docket entry associated with the pleading refers to it as such. However, because the Complaint is the first and only pleading filed in this action and remains the operative pleading, the court refers to this document as the Complaint. *See* [Doc. 7].

have interfered with Plaintiff's ability to pursue legal claims and have denied his right to access the courts, *see, e.g.*, [*id.* at ¶¶ 14-20, 27-34]; and (3) certain Defendants have denied Plaintiff necessary medical treatment in retaliation for Plaintiff filing lawsuits against prison staff, *see, e.g.*, [*id.* at ¶¶ 44-53].

The Honorable Gordon P. Gallagher granted Mr. Millbrook leave to proceed *in forma pauperis* in this litigation, [Doc. 9], and entered an Order Directing Plaintiff to File Amended Complaint, directing Mr. Millbrook to "allege specific facts to show each Defendant's personal participation in a deprivation of his constitutional rights, keeping in mind the pleading standards" set forth in Judge Gallagher's Order.  [Doc. 13 at 12].  After filing multiple motions to clarify or reconsider the court's various Orders, *see* [Doc. 15; Doc. 16; Doc. 19; Doc. 20], Plaintiff filed a Notice of Appeal as to Judge Babcock's Order denying the Motion for Preliminary Injunction. [Doc. 24].[4]  On July 22, 2020, the United States Court of Appeals for the Tenth Circuit (the "Tenth Circuit") affirmed the denial of the Motion for Preliminary Injunction.  [Doc. 33].

After the Tenth Circuit issued its mandate, *see* [Doc. 34], Judge Gallagher again directed Mr. Millbrook to file an amended complaint within 30 days of September 15, 2020.  [Doc. 35]. Judge Gallagher advised Plaintiff that, if he failed to file an amended complaint, Judge Gallagher would conduct an initial review of the Complaint to determine whether summary dismissal of any claims was warranted.  [*Id.* at 3].  No such amended complaint was filed.  *See* [Doc. 38 at 3].  Upon his initial review, Judge Gallagher found that, insofar as Plaintiff sought monetary relief against any Defendants, such claims were barred by sovereign immunity.  [*Id.* at 9].  In addition, Judge Gallagher concluded that the allegations as to Defendants Amaya, Matevousian, and Himlie were

---

[4] The Notice of Appeal was mistakenly filed in the Tenth Circuit, which directed the Notice of Appeal to the District Court.  [Doc. 24-1].

insufficient to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, and he recommended that all claims against those individuals be dismissed.  [*Id.* at 10, 12].  However, Judge Gallagher further found that insofar as Plaintiff sought equitable relief against the remaining Defendants, the claims were not appropriate for summary dismissal.  [*Id.* at 12].  Judge Gallagher construed the Complaint as raising the following ascertainable claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"): (1) an Eighth Amendment excessive force claim ("Claim One"); (2) a First Amendment retaliation claim ("Claim Two"); (3) a First Amendment access-to-courts claim ("Claim Three"); and (4) an Eighth Amendment claim asserting deliberate indifference to Plaintiff's serious medical needs ("Claim Four"), and recommended that these claims be drawn to a presiding judge.  [*Id.*].  Judge Babcock accepted Judge Gallagher's recommendation on December 1, 2020.  [Doc. 39].  The case was then assigned to the presiding judge, the Honorable Raymond P. Moore, and referred to the Honorable Kathleen M. Tafoya.  [*Id.*]; *see also* [Doc. 41].

Defendants filed the instant Motion for Summary Judgment on April 1, 2021.  [Doc. 53].  They argue that each of Plaintiff's remaining claims should be dismissed for failure to exhaust his administrative remedies.  [*Id.* at 2].  In opposition, Plaintiff filed (1) Plaintiff's Opposition to Defendants['] Motion for Summary [Judgment] (the "Response"), *see* [Doc. 59]; Plaintiff['s] Statement of Disputed Factual Issues ("Plaintiff's Statement of Disputed Facts"), [Doc. 59-1]; a Declaration in Opposition to Defendants['] Summary [Judgment] Motion (the "Declaration in Opposition"), [Doc. 59-2; and Plaintiff's Declaration in Support of Opposition to Defendants['s] Motion for Summary [Judgment] (the "Declaration in Support").  [Doc. 60].  Defendants have since replied.  [Doc. 61].  The Motion is thus ripe for recommendation, and I consider the Parties' arguments below.

## LEGAL STANDARDS

### I.      Rule 56

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  "A 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or, conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson,* 477 U.S. at 248-49; *see also Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132, 1136 (10th Cir. 2000); *Carey v. U.S.P.S.,* 812 F.2d 621, 623 (10th Cir. 1987).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson,* 477 U.S. at 248.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In reviewing a motion for summary judgment, the court views all facts and draws all reasonable inferences in favor of the non-moving party.  *See DeWitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017).  However, evidence offered in support or in opposition to a motion for summary judgment must be based on more than speculation or conjecture.  *See Bones v.*

*Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004).  Ultimately, the court may not enter summary judgment unless Defendants carry their burden under Rule 56 of the Federal Rules of Civil Procedure.  *See Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002); *see also* Fed. R. Civ. P. 56(a).

## II.     Pro Se Pleadings

In applying the above principles, this court is mindful that Mr. Millbrook proceeds pro se and the court thus affords his papers and filings a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  But the court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party.  *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

## UNDISPUTED MATERIAL FACTS

The following undisputed material facts are drawn from the record before the court.

1.      At all times relevant to this case, Plaintiff was an inmate at the United States Penitentiary in Florence, Colorado ("USP Florence").  [Doc. 7 at ¶ 1].[5]

2.      The Federal Bureau of Prisons ("BOP") has a four-step administrative remedy program to address inmate grievances.  [Doc. 54-1 at ¶ 4; Doc. 59-1 at ¶ 2].

3.      Since Plaintiff was placed in BOP custody in 2007, he has filed 203 administrative remedies or appeals and has exhausted at least 36 of those administrative remedy cases.  [Doc. 54-1 at ¶¶ 9-10; Doc. 54-3; Doc. 59-1 at ¶ 3].

---

[5] At summary judgment, courts may construe a pro se plaintiff's verified complaint as an affidavit pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure if the verified complaint is made on personal knowledge, sets out facts that would be admissible in evidence, and shows that the affiant is competent to testify on the matters stated.  *See Pipkins v. Taillon*, No. 12-cv-02275-REB-KLM, 2014 WL 4197945, at *4 (D. Colo. Aug. 25, 2014).

4.      The most recent administrative remedy filed by Plaintiff was filed on April 17, 2017.  [Doc. 54-1 at ¶ 10; Doc. 54-3 at 103; Doc. 59-1 at ¶ 4].

5.      Plaintiff initiated this action on August 22, 2019 and filed the Complaint on August 27, 2019.  [Doc. 1; Doc. 7].

6.      Plaintiff has not exhausted his administrative remedies as to the claims that are raised in the Complaint.  [Doc. 54-1 at ¶ 11; Doc. 59-1 at ¶ 5].

7.      The primary BOP contact for Plaintiff and other inmates who wish to file an administrative grievance is Defendant Hansen.  [Doc. 54-4 at ¶¶ 4, 6; Doc. 59-1 at ¶ 6].

8.      Defendant Hansen makes daily rounds to Plaintiff's cell and has done so since October 12, 2017.  [Doc. 54-4 at ¶¶ 3, 5; Doc. 59-1 at ¶ 7].

9.      In addition, non-party M. Bacon—an executive assistant at the Federal Correctional Complex in Florence, Colorado ("FCC Florence"), which encompasses USP Florence—is responsible for ensuring that all administrative grievances filed by inmates are processed.  [Doc. 54-3 at ¶¶ 3-4, 6].[6]

---

[6] Plaintiff attempts to dispute this fact in his Response.  *See* [Doc. 59-1 at ¶ 10].  However, Plaintiff cites no evidence in support of his denial aside from M. Bacon's Declaration, which supports the asserted fact  *See* [*id.*]; *see also* [Doc. 54-3 at ¶¶ 3-4, 6].  Nor does Plaintiff explain the nature of the purported dispute.  *See* [Doc. 59-1 at ¶ 10].  The presiding judge's Practice Standards require that "[a]n opposing party who contends the fact is disputed must state . . . the nature of the dispute and set forth the evidence that supports the position that the fact is controverted."  *See* Practice Standards (Civil), Judge Raymond P. Moore, § IV.C(2)(d)(ii).  Moreover, the Federal Rules of Civil Procedure state that a party "asserting that a fact . . . is genuinely disputed <u>must support</u> the assertion by: (A) citing to particular parts of materials in the record, . . . or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A)(B).  Because Plaintiff has failed to support his denial or otherwise show that the materials cited do not establish the absence of a genuine dispute, the court deems this fact undisputed.  *See* Fed. R. Civ. P. 56(e)(2) (permitting a court to consider a fact that a party "fails to properly address" as "undisputed for the purposes of the motion"); *see also Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 834 (10th Cir. 1986) ("Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment.").

10.     M. Bacon conducted weekly rounds of every unit at FCC Florence to ensure that inmate needs are being met and to provide inmates the opportunity to address any issues an inmate may have.  [Doc. 54-3 at ¶ 4].[7]

11.     Plaintiff would have had the opportunity to advise M. Bacon of issues he was having with respect to administrative grievance forms during these weekly rounds.  [*Id.*].[8]

12.     At no time did Plaintiff advise M. Bacon or any other member of the executive staff during the rounds that Plaintiff was unable to obtain, or was denied access to, the requisite administrative remedy forms.  [Doc. 54-3 at ¶ 6; Doc. 59-1 at ¶ 14].[9]

## ANALYSIS

Defendants seek summary judgment on all of Plaintiff's claims on the basis that Plaintiff has failed to exhaust his administrative remedies.  [Doc. 53].  I first discuss the statutes and regulations applicable to Mr. Millbrook's claims, including the Prison Litigation Reform Act ("PLRA") and the BOP's Administrative Remedy Program, before considering whether Defendants have met their burden for purposes of summary judgment.

---

[7] Plaintiff attempts to dispute this fact, but cites to no evidence demonstrating the existence of a genuine dispute.  [Doc. 59-1 at ¶¶ 11-12].  For the reasons set forth *supra* n.6, the court deems this fact undisputed.

[8] Plaintiff attempts to dispute this fact, but cites to no evidence demonstrating the existence of a genuine dispute.  [Doc. 59-1 at ¶ 13].  For the reasons set forth *supra* n.6, the court deems this fact undisputed.

[9] Plaintiff states that he "'disputes' . . . non-Defendant[] M. Bacon['s] Affidavit in [its] [entirety]." [Doc. 59 at 15].  However, Plaintiff expressly "does not dispute" this assertion in M. Bacon's Declaration.  *See* [Doc. 59-1 at ¶ 14].  Regardless, a general "dispute" of an affidavit in its entirety is insufficiently specific to create a genuine dispute of material fact.  *Pasternak*, 790 F.2d at 834. The court deems this fact undisputed.

I.      **Statutory Framework for Exhaustion of Administrative Remedies**

A.      **Prison Litigation Reform Act**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Any prisoner who seeks to bring a claim involving 'general circumstances or particular episodes' of prison life must first exhaust the administrative remedies available to him in prison." *May v. Segovia*, 929 F.3d 1223, 1226-27 (10th Cir. 2019) (citing *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Jones v. Bock*, 549 U.S. 199, 211 (2007)).  "Because the prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison system's grievance procedure." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (internal citations omitted).  "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim [or any other federal claim] under [the] PLRA for failure to exhaust his administrative remedies," and the "doctrine of substantial compliance does not apply." *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (internal quotation marks omitted).

But the PLRA makes explicit that a prisoner must exhaust only <u>available</u> administrative remedies.   42 U.S.C. § 1997e(a).   An available remedy is one "capable of use for the accomplishment of a purpose." *See Booth v. Churner*, 532 U.S. 731, 737 (2001).  Indeed, "courts [] are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  If Defendants demonstrate that Mr. Millbrook did not exhaust his administrative remedies, the burden shifts to Mr. Millbrook "to show that remedies were unavailable to him." *May*, 929 F.3d

at 1234 (internal quotation marks omitted); *see also Williams v. Borrego*, No. 19-cv-00371-RBJ-MEH, 2020 WL 1502296, at *7 (D. Colo. Mar. 30, 2020) (noting that inmates face a "high bar to show unavailability") (citing *May*, 929 F.3d at 1235; *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011)).

### B.      The BOP Administrative Remedy Program

The BOP provides a four-tiered Administrative Remedy Program for inmate grievances, which is codified at 28 C.F.R. § 542.10, *et seq.*  The first tier requires informal resolution with prison staff, which the prisoner requests with a form commonly known as a BP-8.  *See* 28 C.F.R. § 542.13(a).  A prisoner must obtain this form from his correctional counselor.  *Id.*  The regulations allow the prisoner twenty days from the date of the incident to complete the informal resolution and file a formal Request for Administrative Remedy, if necessary.  *See* 28 C.F.R. § 542.14.  The prisoner must submit the formal inquiry, known as a BP-9 request, to the warden at the institution where the prisoner is incarcerated.  *Id.*  If dissatisfied with the warden's response, the prisoner may appeal to the Regional Director by filing a Regional Office Administrative Remedy Appeal, also known as a BP-10 request, within twenty days of the warden's dated response.  *See* 28 C.F.R. § 542.15(a).  Finally, the prisoner may file a Central Office Administrative Remedy Appeal, known as a BP-11 request, with the BOP's Office of General Counsel within thirty days of the Regional Office's denial.  *Id.*  At any level, an official's failure to respond within the time allotted constitutes a denial of the request or appeal. 28 C.F.R. § 542.18.

## II.      Failure to Exhaust

As set forth above, Defendants bear the initial burden of establishing their prima facie case of Mr. Millbrook's failure to exhaust.  Here, it is undisputed that Mr. Millbrook did not exhaust his administrative remedies with respect to the claims raised in the Complaint.  S*ee* [Doc. 54 at

¶ 5; Doc. 54-1 at ¶ 11; Doc. 59-1 at ¶ 5]. Indeed, the record evidence demonstrates, and it is undisputed, that Mr. Millbrook has not filed an administrative grievance since 2017, before the events giving rise to Plaintiff's current claims allegedly occurred. [Doc. 54-3 at 103; Doc. 54-1 at ¶ 10]. Accordingly, because there is no genuine dispute of material fact that Mr. Millbrook has failed to exhaust his administrative remedies, I find that Defendants have met their initial burden in asserting a failure-to-exhaust defense. Thus, the only issue remaining before the court is whether Mr. Millbrook can point to evidence demonstrating a genuine dispute of material fact as to whether his failure to comply with the procedures set forth in 28 C.F.R. § 542.10, *et seq.*, may be excused. *See Anderson*, 477 U.S. at 248 (explaining that the burden shifts to the nonmovant after the summary judgment movant makes a prima facie showing).

"[I]f an administrative remedy is not available, then an inmate cannot be required to exhaust it." *Tuckel*, 660 F.3d at 1252. For purposes of PLRA exhaustion, an administrative remedy is unavailable "when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation," *id.* at 1252-53, "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy," *Little*, 607 F.3d at 1250, or where prison officials fail to respond to a grievance within a prescribed timeframe. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *see also Ross v. Blake*, 578 U.S. 632, 643-44 (2016) (outlining three situations in which an administrative remedy is not "available" to an inmate as required by the PLRA: where the administrative procedure "operates as a simple dead end," where the administrative scheme is "so opaque" that it becomes "incapable of use," and when prison officials "thwart" an inmate's attempts to participate in the grievance process "through machination, misrepresentation, or intimidation").

A.      **Summary Judgment Evidence**

Prior to analyzing whether Mr. Millbrook has set forth sufficient evidence demonstrating a genuine dispute of fact, the court finds it appropriate to first ascertain what evidence it may consider at this stage.

*Verified Complaint*.   "Although a nonmoving party may not rely merely on the unsupported or conclusory allegations contained in his pleadings, a verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in [Rule 56(c)(4)]." *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988).[10]  Rule 56(c)(4) requires that affidavits used in opposition to a motion for summary judgment be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4); *see also Pacheco v. Timme*, No. 11-cv-02530-RM-KLM, 2014 WL 2442111, at *4 n.2 (D. Colo. May 30, 2014) (noting that a complaint may be used as evidence at the summary-judgment stage if the complaint is "sworn, dated, and signed under penalty of perjury pursuant to 28 U.S.C. § 1746.").   Mr. Millbrook's Complaint is dated, signed, and states that he "declare[s] under penalty of perjury that . . . the information in [the Complaint] is true and correct" pursuant to § 1746.  [Doc. 7 at 58]; *see also Mathison v. United States*, No. 13-cv-00110-PAB-NYW, 2015 WL 854476, at *7 n.4 (D. Colo. Feb. 26, 2015), *aff'd*, 619 F. App'x 691 (10th Cir. 2015) (unpublished) ("Under section 1746, whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated.").   Thus, factual allegations set forth in the Complaint may be construed as

---

[10] *Conaway* cites to Rule 56(e).  *See* 600 853 F.2d at 792.  "Rule 56 was amended in 2010, and subdivision (c)(4) carries forward the relevant provisions of former subdivision (e)." *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 116 n.83 (10th Cir. 2021).

evidence for purposes of opposing summary judgment. *Mackey v. Watson*, No. 17-cv-01341-CMA-STV, 2019 WL 3955882, at *7 (D. Colo. Aug. 22, 2019) (explaining that a court may rely upon a verified complaint on summary judgment); *Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021).

*Declarations*.   In addition, Plaintiff has submitted two declarations in support of his arguments against summary judgment: the Declaration in Opposition [Doc. 59-2] and the Declaration in Support [Doc. 60].  "[A]n unsworn declaration or affidavit that is signed under penalty of perjury may be used to raise factual issues precluding summary judgment." *Williams*, 2020 WL 1502296, at *5.  Here, the Declaration in Support is signed, dated, and states: "I, Kim Millbrook, Declare that the forgoing [sic] is true and correct under the penalty of perjury pursuant to 28 USC § 1746." [Doc. 60 at 1, 3].  Thus, the court finds that the statements made in the Declaration in Support are appropriately considered at the summary judgment stage.  *See Henderson*, 41 F.3d at 569 n.1 (unsworn affidavits may be used in summary judgment proceedings so long as they comply with the requirements of 28 U.S.C. § 1746 and are signed under penalty of perjury).

Conversely, the Declaration in Opposition simply states: "I Kim Millbrook Declare under penalty of perjury 28 USC § 1746." [Doc. 59-2 at 1].  It does not affirm that the statements made therein are "true and correct." *See* [*id.*].  Section 1746 requires an unsworn statement be subscribed in "substantially" the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746.  "In describing the requirements of a § 1746 declaration," the Tenth Circuit has "consistently emphasized that the writer must 'subscribe' the statement 'as true under penalty of perjury.'" *Price v. Philpot*, 420 F.3d 1158, 1166 n.6 (10th Cir. 2005) (emphasis added) (citing cases).   While the court must construe

Plaintiff's filings liberally, absent any statement that the statements contained in the Declaration in Opposition are true and correct, the court finds that the Declaration in Opposition fails to substantially comply with the requirements of § 1746 and the Declaration in Opposition need not be considered evidence at this juncture. *Cf. Glapion-Pressley v. City & Cty. of Denver*, No. 19-cv-02806-RM-MEH, 2020 WL 6042093, at *1 (D. Colo. Oct. 13, 2020) (declining to find substantial compliance based just on reference to § 1746).

> **B.    Whether Plaintiff Has Established a Genuine Dispute of Fact**

As noted above, it is undisputed that Plaintiff did not file any administrative grievances regarding the conduct at issue in this action. [Doc. 54-1 at ¶ 11; Doc. 59-1 at ¶ 5]. Thus, the issue presented is whether there are circumstances that excuse Mr. Millbrook's lack of compliance with the PLRA's exhaustion of administrative remedies requirement. Defendants suggest that Plaintiff fails to meet his burden of establishing a dispute of fact as to whether the administrative grievance process was available to him because Plaintiff's assertions are nothing more than "vague allegations that administrative remedies were not available." [Doc. 53 at 8]; *see also* [Doc. 61 at 6-9]. Defendants' argument focuses on just one manner in which a grievance process may be made unavailable to an inmate: where the inmate is precluded from participating in the process due to threats or intimidation. [Doc. 53 at 7-10]. More specifically, Defendants argue that "Plaintiff does not allege that he was afraid to file grievances or feared for his safety because of threats or acts by any Defendant," [*id.* at 7], and thus, Defendants argue that Plaintiff cannot demonstrate a genuine dispute of fact as to whether he was threatened or intimidated out of exhausting his administrative remedies. In response, Plaintiff asserts that Defendants "[made] the administrative remedy process 'unavailable' [to him] due to obstruction; hinderance [sic]; threats and intimidation; retaliation and denial of life-saving medical care." [Doc. 59 at 15].

Where an inmate claims that an administrative remedy was unavailable to him due to threats or intimidation, the inmate must make two showings:

> (1) that the threat or intimidation actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the prison administrative process; and (2) that the threat or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the prison administrative process that the inmate failed to exhaust.

*Tuckel*, 660 F.3d at 1254.  In other words, the inmate must make a subjective showing—i.e., that the inmate himself was deterred from participating in the grievance process—in addition to an objective showing—i.e., that a reasonable person, in the context in which the threat or intimidation occurred, would have also been deterred.  *See generally id.*  As the nonmoving party, Mr. Millbrook "must produce specific facts that show there is a genuine issue of fact as to whether (1) 'the threat, machination, or intimidation actually did deter him from lodging a grievance' and (2) 'the threat, machination, or intimidation would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance.'" *May*, 929 F.3d at 1235 (quoting *Tuckel*, 660 F.3d at 1254).

The court respectfully agrees with Defendants that Plaintiff has failed to establish a genuine dispute of fact concerning whether he was precluded from the administrative grievance process due to Defendants' threats or intimidation.  In his Response, Mr. Millbrook cites to his Declaration in Opposition in its entirety, *see* [Doc. 59 at 15]; *see also* [Doc. 59-2], which the court has already concluded is insufficient to constitute competent summary judgment evidence under § 1746 and Rule 56.  Insofar as Plaintiff relies on the averments in his Declaration in Support, Plaintiff states that, on or about April 9, 2021, he was threatened by Defendant Hansen, who told Plaintiff that he would "make [Plaintiff's] life a living hell" and would allow other inmates to "beat [him] up or kill [him] for filing this and other lawsuits against" prison officials.  [Doc. 60 at ¶¶ 1, 4].  Plaintiff

asserts that, due to these threats, "[his] life is in imminent danger from staff and inmates[,] [t]hus making the administrative process unavailable to file lawsuits and grievances."   [*Id.* at ¶ 5]. However, Mr. Millbrook represents that these threats allegedly occurred on April 9, 2021—nearly two years after Mr. Millbrook initiated this lawsuit.  Thus, these allegations cannot demonstrate that the administrative grievance procedure was unavailable to Plaintiff with respect to *this lawsuit*.

Moreover, the court has reviewed the Complaint, which may constitute summary judgment evidence, in detail, and has identified no factual allegations which could create a genuine dispute of fact as to threats or intimidation precluding Plaintiff from participating in the grievance process. While Mr. Millbrook does allege that he has been threatened generally for filing lawsuits, *see, e.g.*, [Doc. 7 at ¶¶ 10, 47], and although completing the grievance process is a prerequisite to filing a lawsuit, *see generally* 28 C.F.R. § 542.10, *et seq.*, Mr. Millbrook does not specifically allege that he has been threatened for filing grievances or otherwise connect the threats or intimidation to the filing of grievances, and he does not allege that the grievance process was "unavailable" to him due to threats by prison staff.  *Compare Millbrook v. Spitz*, No. 18-cv-01962-RM-KMT, 2019 WL 5790701, at *6 (D. Colo. Aug. 26, 2019), *report and recommendation adopted*, 2019 WL 4594275 (D. Colo. Sept. 23, 2019) (where Plaintiff alleged that after he threatened to file a grievance against a prison official, the prison official threatened to "kick [Plaintiff's] ass," and that due to this threat, Plaintiff was afraid to file grievances, finding disputes of fact as to whether the grievance process was available to Plaintiff).  The court thus agrees with Defendants that Plaintiff has not set forth sufficient evidence to establish a genuine dispute of fact as to the existence of any threats or intimidation.

But the court's inquiry does not end here.  "[A]lleging 'threat or intimidation' is but one way that an inmate can properly claim that an administrative remedy is unavailable."  *Townsend*

*v. Colo. Dep't of Corr.*, No. 14-cv-02961-RBJ-KMT, 2016 WL 1178280, at *5 n.7 (D. Colo. Mar. 28, 2016), *aff'd*, 671 F. App'x 712 (10th Cir. 2016) (unpublished).  Indeed, while Defendants only raise arguments as to the existence of threats or intimidation,[11] the Tenth Circuit has indicated that a grievance process may be unavailable to an inmate where prison officials "prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy."  *Little*, 607 F.3d at 1250; *see also Main v. Martin*, No. 06-cv-00232-WDM-MJW, 2009 WL 215404, at *5 (D. Colo. Jan. 22, 2009) ("When prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner.") (citing cases).  In his Response to the Motion for Summary Judgment, Plaintiff states that the administrative process was unavailable to him due to, *inter alia*, "obstruction" and "hinderance" [sic].  [Doc. 59 at 15].  In his verified Complaint, Mr. Millbrook avers as follows:

- "On or About 4-24-19[,] . . . I told [Defendant Robinson] that I was sprayed with pepper spray on 4-23-19 evening watch by [Defendant] Ross and was denied medical treatment and I needed An admin. remedy which would be a BP8 informal resolution to file on [Defendant Ross]." [Doc. 7 at ¶ 11].  "[Defendant Robinson] refused to give me any admin. remedies to file any more lawsuits against any staff [officials] at [USP Florence] thus making the admin. remedies 'unavailable['] to me." [*Id.* at ¶ 12].

- "The unit team has denied me legal supplies since I've been here from October 2017 until Present Day August 2019.  Thus Denying me 'access to the courts' . . . [Defendants Hansen, Osland, Robinson, and Porco] told me that I'm a lawsuit filer and they won't assist me to file lawsuits <u>or grievances</u> against [USP Florence] staff officials <u>by giving me grievances</u> and legal supplies. . . . [thus] making the admin. remedies 'unavailable.'" [*Id.* at ¶¶ 23-24 (emphasis added)].  "I've asked [Defendant Hansen] for grievance forms like BP8 informal resolutions; BP9s;

---

[11] In their Reply, Defendants appear to argue, for the first time, that Plaintiff's allegations in the Complaint as to various Defendants' denial of grievance forms are conclusory and insufficient to create a genuine dispute of fact.  *See* [Doc. 61 at 5-7].  Because Defendants failed to raise this argument in their Motion for Summary Judgment, it is waived.  *See Brandt v. Honnecke*, No. 15-cv-02785-RM-NYW, 2018 WL 11342958, at *4 (D. Colo. Oct. 29, 2018); *see also Fischer v. Adams Cty. Sch. Dist. No. 12*, No. 05-cv-01621-REB, 2006 WL 407820, at *2 n. 1 (D. Colo. Feb. 16, 2006) ("It is improper for a party to reserve its best case, even if ostensibly raised in response to its opponent's arguments, for its reply, when the opponent has no ready means of responding.").

BP10s and BP11s to file against him and other staff officials and was denied on numerous occasions like the dates of 10-3-18; 11-14-18; 1-7-19; 7-25-18; All of March 2019; and April 2019. Thus making the grievance process unavailable to me." [*Id.* at ¶ 25].

- "[Defendants] Hansen and Robinson [threw] my legal documents and mail away. . . . Plaintiff asked [Defendant Hansen] for A grievance which would be BP8 informal resolution to start the administrative remedy process to write Hansen and Robinson up for 1st Amend. retaliation; Denial of access to the courts and conspiracy to deprive me of my U.S. Constitutional rights in which he denied me, which made the admin. remedies 'unavailable' to me." [*Id.* at ¶¶ 42-43].

- "On or about 8-9-19 Between 12 to 3 PM . . . [Defendants Lovelace, Porco, and Norris] came to my cell" and informed Plaintiff that they were "[shaking] him down" for "filing a lawsuit on" prison officials. [*Id.* at ¶¶ 44-45]. "I complied and was cuffed up by [Defendants Lovelace and Norris]." [*Id.* at ¶ 46]. "I told [Defendants Lovelace and Norris] that the hand restraints were [too] tight cutting off my blood circulation, and to please loosen them. That's when [Defendant] Porco said 'Millbrook stop complaining; maybe this will teach you to keep your mouth shut and stop you from filing lawsuits on staff here at ADX-Florence Colorado." [*Id.* at ¶ 47]. "I told . . . [Defendants Lovelace and Norris] that I was going to file a lawsuit against them for violating my 1st Amend. right of [sic] retaliation, my 8th amend. right being violated due to cruel and unusual punishment . . . I told [Defendant Porco] to give me A BP8 grievances [sic] to File on Porco, Lovelace, and [Norris]; he refused making the admin. remedies process unavailable to me." [*Id.* at ¶ 49].

Notably, Mr. Millbrook's allegations assert that he was denied grievance forms when he specifically sought to challenge the conduct giving rise to each of the Claims asserted in the Complaint: (1) with respect to Claim One, Plaintiff alleges that he sought grievance forms to challenge the use of excessive force against him but was denied, *see* [Doc. 7 at ¶¶ 11-12, 49]; (2) as to Claim Two, Plaintiff asserts that he sought to file grievances to challenge various Defendants' retaliation against him for filing lawsuits, but was denied access to forms, *see* [*id.* at ¶¶ 42-43, 49]; (3) for Claim Three, Mr. Millbrook states that he requested grievance forms to challenge the denial of his right to access the courts, but his requests were refused, *see* [*id.* at ¶¶ 24-25, 42-43, 49]; and (4) as to Claim Four, Plaintiff states that he was denied grievance forms when he sought to challenge the denial of medical treatment. *See* [*id.* at ¶¶ 11-12]. In other words, Plaintiff alleges

that the administrative grievance process was "unavailable" to him prior to filing each of his present Claims, as he sought to challenge the specific acts forming the basis of his Claims and was nevertheless routinely denied access to the requested grievance forms—i.e., a thwarting of the grievance process "through machination." *Ross*, 578 U.S. at 644.

While Plaintiff's allegations may be factually lean, the court finds they are sufficiently specific to create a genuine dispute of fact as to the availability of administrative remedies with respect to each of his pending Claims: Plaintiff identifies which grievance forms he requested, [Doc. 7 at ¶¶ 11, 25, 43, 49]; who specifically denied Plaintiff the grievance forms (including the "primary BOP contact for . . . inmates who wish to file an administrative grievance," Defendant Hansen, *see* [Doc. 54-4 at ¶ 4]), [Doc. 7 at ¶¶ 11, 24-25, 43, 49]; when such denials occurred, [*id.* at ¶¶ 11, 25, 42, 49]; and the context in which such denials occurred, *e.g.*, [*id.* at ¶¶ 11-12, 23, 42 47, 49]. *See Stine v. U.S. Fed. Bureau of Prisons*, 508 F. App'x 727, 730 (10th Cir. 2013) (unpublished) (finding affidavits from other inmates "sufficiently specific to create a genuine dispute as to whether Plaintiff was denied access to administrative remedy forms" where the affidavits set forth a time frame in which the denials occurred, provided some specific dates of alleged denials, and identified specific prison officials who allegedly denied forms); *compare Huffman v. Allred*, No. 11-cv-01459-CMA-KLM, 2013 WL 424779, at *6 (D. Colo. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 425862 (D. Colo. Feb. 4, 2013) (finding that the plaintiff had not demonstrated that administrative remedies were unavailable where he merely alleged that grievance forms "were not readily available," that the forms were locked in an official's office, and when he asked for fourteen grievance forms, he was told he could only receive one form at a time).

Moreover, the court notes that it is undisputed that Plaintiff has not filed any administrative grievances since April 17, 2017—from which a jury could draw a reasonable inference that Plaintiff has been systematically prevented from doing so, particularly in light of the undisputed fact that Mr. Millbrook has filed 203 total grievances since he entered BOP custody in 2007.  [Doc. 54-3]; *see also DeWitt*, 845 F.3d at 1306 (court must draw inferences in favor of the non-moving party); *cf. Millbrook*, 2019 WL 5790701, at *6 (distinguishing cases wherein the plaintiffs claimed there was no available remedy but continued to file grievances and noting that the records submitted by the *Millbrook* defendants "show[ed] that Plaintiff ha[d] not filed *any* administrative remedy request since March 20, 2017").  The court finds there is sufficient evidence from which a jury could conclude that Plaintiff did not have an available administrative remedy, so as to excuse his failure to exhaust.  *See, e.g.*, *Bradley v. U.S. Fed. Bureau of Prisons*, No. 14-cv-00013-MSK-MJW, 2014 WL 5601118, at *3 (D. Colo. Nov. 4, 2014) (declining to make credibility determinations and denying summary judgment where the plaintiff alleged that USP Florence officials refused to provide him grievance forms); *Stine*, 508 F. App'x at 730 (reversing summary judgment and finding dispute of fact where the plaintiff claimed that prison officials denied him access to grievance forms).

To the extent that Defendants' argument can be read as suggesting that Plaintiff's allegations of unavailability are insufficiently supported, *see* [Doc. 61 at 6 ("Plaintiff fails to point to . . . any other evidence why the administrative remedy process was unavailable"); *id.* at 8 ("Plaintiff's bare assertions about the unavailability of the administrative remedy process, without more, are insufficient to meet Plaintiff's high burden.")], allegations in a verified complaint need not be "[]substantiated by other evidence" to constitute competent summary judgment evidence. *Vette*, 989 F.3d at 1163.  "So long as an affidavit is based upon personal knowledge and set[s]

forth facts that would be admissible in evidence, it is legally competent to oppose summary judgment." *Speidell v. United States ex rel. IRS*, 978 F.3d 731, 740 (10th Cir. 2020). Determinations of the weight of this evidence must be made by the jury. *Allen v. Wal-Mart Stores, Inc.*, 241 F.3d 1293, 1297 (10th Cir. 2001).

Although Defendants rely on the undisputed fact that Mr. Millbrook never informed M. Bacon of his inability to obtain grievance forms, *see* [Doc. 54-3 at ¶ 6; Doc. 59-1 at ¶ 14], in asserting that "the undisputed material facts demonstrate that the BOP administrative remedy process was available to Plaintiff," *see* [Doc. 53 at 9], this does not conclusively demonstrate that Plaintiff was not denied such forms or that the forms were available to Plaintiff. And finally, insofar as Defendants support their request for summary judgment on the assertions that "Defendant Hansen . . . denies Plaintiff's allegations;" that "M. Bacon . . . denies Plaintiff's allegations;" that "Defendant Hansen explains that if Plaintiff requested an administrative remedy form at any time, he would have provided Plaintiff with such a form;" or that "[t]o the extent that any staff member, including Defendants, did not provide Plaintiff with the necessary administrative grievance forms, Plaintiff would have had the opportunity to raise this issue with M. Bacon," *see* [*id.*], Defendants are simply identifying disputes of fact which preclude the entry of summary judgment here. *Millbrook*, 2019 WL 5790701, at *6 ("Defendants attach to their reply [affidavits] in which the defendants deny that they threatened Plaintiff and/or that they interacted with Plaintiff at all on the dates Plaintiff alleges. . . . Accordingly, whether the defendants threatened Plaintiff and, thus, thwarted Plaintiff's efforts to avail himself of the prison grievance process, are disputed facts."). "[T]he reconciliation of inconsistent testimony[] and the assessment of a witness' credibility [are] solely within the province of the jury." *Allen*, 241 F.3d at 1297.

For the reasons set forth herein, I find that Plaintiff has met his burden of establishing a genuine dispute of fact as to whether the administrative grievance process was available to him with respect to Claims One, Two, Three, and Four.  For this reason, summary judgment on a failure-to-exhaust defense is not appropriate at this juncture on any of Plaintiff's Claims.  I respectfully **RECOMMEND** that the Motion for Summary Judgment be **DENIED**.

## CONCLUSION

For the reasons stated herein, I respectfully **RECOMMEND** that:

(1)     Defendants' Motion for Summary Judgment [Doc. 53] be **DENIED**.[12]

It is further **ORDERED** that:

(1)     A copy of this Recommendation, marked as legal mail, shall be sent to the following:

---

[12] Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Prop. Known As 2121 E. 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Kim Millbrook, #13700-026
Florence ADMAX U.S. Penitentiary
Inmate Mail/Parcels
PO Box 8500
Florence, Colorado 81226

DATED:  February 7, 2022                    BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge